WEIR PLOW COMPANY v. ABE CARROLL ET AL.

(No. 3582.)

APPEAL from Ellis County. Opinion by WILLSON, J.

M. B. TEMPLETON, counsel for appellant.

W. H. FEARS, counsel for appellee.

§ 178. *Fraudulent transfer of property; instance of; case stated.* Appellant caused an execution to be levied upon certain property as the property of Abe Carroll,

the defendant in said execution. Hattie J. Carroll, wife of said Abe Carroll, claimed said property as her separate property, made affidavit and gave bond for the trial of the right of property, and upon trial judgment was rendered in her favor in both the justice's and county courts. By the uncontradicted evidence in the case, it is shown that Abe Carroll owned and kept a livery-stable, owning and using in said business several horses, etc., involved in this suit; that he had used $2,000 or more of money which was the separate property of his wife; that on March 25, 1888, he made a bill of sale conveying to his wife the property involved in this suit, and other property owned and used by him in conducting said livery business, in part payment of his said indebtedness to his wife. At the time he made said bill he was insolvent, and his wife must have known of his insolvency. Said bill of sale was not recorded; there was no change in the possession or use of the property conveyed; said Abe Carroll continued to use said property in the livery business; disposed of some of it after he conveyed it to his wife; in short, "everything went on exactly as before" the transfer, and it was agreed between Carroll and his wife at the time of said transfer that the business should be conducted by him as before. Said transfer was known only to Abe Carroll and his wife. It was not an open, but a secret, transaction. It does not have the appearance of being *bona fide*, but is to our minds clearly made for the purpose of defrauding the creditors of Abe Carroll, of which purpose his wife must have been cognizant. While it is true that a debtor may prefer a creditor, even when the debtor is insolvent, and even though the creditor preferred be his wife, still the transaction, to be valid, must be open, and made for the *bona fide* purpose of paying a debt. [Cox v. Miller, 54 Tex. 16; 2 App. C. C., §§ 506, 507.] Upon the facts of this case, we think the judgment is wrong, and the same is reversed, and, there being no controversy as to the

facts, we will render the judgment which should have been rendered in the court below, which is that the appellant recover of the appellee, and the sureties upon the claim bond, the sum of $155, with eight per cent. interest thereon from March 14, 1889, and with ten per cent. damages on said principal and interest, together with all costs in all the courts incurred, and that execution issue therefor, which execution may be levied upon the separate property of said Hattie J. Carroll, as well as upon other property subject to this judgment.

December 6, 1890.        Reversed and rendered.